LAURA E. DUFFY
United States Attorney
RAVEN M. NORRIS
Assistant U.S. Attorney
State of California Bar No: 232868
Office of the U.S. Attorney
880 Front Street, Room 6293
San Diego, CA 92101-8893
Telephone: (619) 546-7621
Facsimile: (619) 546-7751
Email: Raven.Norris@usdoj.gov

Attorneys for Petitioner

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Petitioner,<br><br>          vs.<br><br>ROBERT G. MILLER,<br><br>                    Respondent. | Case No.: **'12 CV 2182 BTM BLM**<br><br>PETITION TO ENFORCE INTERNAL REVENUE SERVICE SUMMONS<br><br>Date:  November 9, 2012<br>Time:  2:00 p.m.<br>Ctrm:  15<br>The Honorable Barry T. Moskowitz |

          Petitioner, the United States of America, by its counsel, Laura E. Duffy, United States Attorney, and Raven M. Norris, Assistant United States Attorney, petitions the Court for an order to enforce the Internal Revenue Service ("IRS") summons described below and, in support thereof, alleges as follows:

          1.          This proceeding is brought at the request of the Chief Counsel, IRS, a delegate of the Secretary of the Treasury, and at the direction of the Attorney General of the United States.

          2.          Jurisdiction over these proceedings is conferred upon this Court by 26 U.S.C. §§ 7402(b) and 7604(a), and 28 U.S.C. § 1345.

          3.          Venue is proper in the Southern District of California because Robert G. Miller ("Respondent") is found within this district.

          4.          At all times relevant, Robin Sepe, who served the summons on Respondent, was a Revenue Agent with the IRS, employed in the Small Business/Self-Employed Division of the IRS in San Marcos, California, and was authorized to take testimony and receive documents requested in the IRS

1

summons pursuant to the authority contained in 26 U.S.C. § 7602 and 26 C.F.R. § 301.7602-1.  See Declaration of Revenue Agent Robin Sepe at ¶ 1 ("Sepe Decl.").

5.     Respondent can be found at 30333 Via Cuesta Arriba, Bonsall, California 92003, which is within the geographical jurisdiction of this Court.

6.     On May 4, 2012, Revenue Agent Sepe issued an IRS Summons, IRS Form 2039 ("Collection Summons") directing Respondent to appear before him on May 16, 2012 in order to give testimony and produce for examination documents and records specified in the Collection Summons. Sepe Decl. at ¶¶ 3, 5.  The Collection Summons relates to an investigation or Respondent's ability to pay the income tax liability assessed against him for the 2008, 2009, and 2010 tax years.  Sepe Decl. at ¶¶ 2-3.  A copy of the Collection Summons is attached to Sepe Decl. as Exhibit A.

7.     On May 4, 2012, in accordance with 26 U.S.C. § 7603, Revenue Agent Sepe served the Collection Summons by leaving an attested copy at Respondent's last and usual place of abode, which is located at 30333 Via Cuesta Arriba, Bonsall, California 92003, with a person over the age of 18 named Lori.  Sepe Decl. at ¶ 4.  A copy of the Certificate of Service is attached to the Sepe Declaration as Exhibit B.

8.     On May 16, 2012, Respondent did not appear before Revenue Agent Sepe in response to the Collection Summons and did not provide any of the books, papers, records, or other data sought by the summons.  Sepe Decl. at ¶ 6.

9.     At Revenue Agent Sepe's request, Mistala G. Merchant, an attorney with the IRS Office of Chief Counsel sent a letter to Respondent providing him with another opportunity to comply with the summons and directed him to appear before Revenue Agent Sepe on June 22, 2012, at 9:00 a.m. at 1 Civic Center Drive, Suite #400, San Marcos, California.  Sepe Decl. at ¶ 7.  A copy of the letter is attached to the Sepe Declaration as Exhibit C.

10.    Respondent did not appear on June 22, 2012, and did not provide any of the summonsed information.  Sepe Decl. at ¶ 8.

11.    After Respondent failed to appear for the second time, Revenue Agent Sepe requested that IRS Office of Chief Counsel refer this case to the U.S. Attorney's Office for enforcement of the Summons.  Id. at ¶ 9.

2

12.     On August 3, 2012, at Revenue Agent Sepe's request, Raven M. Norris, the Assistant U.S. Attorney handling the case, sent a letter to Respondent directing hin to comply with the Collection Summons and to appear before Revenue Agent Sepe on August 30, 2012.  Id. at ¶ 10.  A copy of the letter is attached to the Sepe Declaration as Exhibit D.

13.     Respondent did not appear on August 30, 2012, and did not provide any of the summonsed information.  Id. at ¶ 11.

11.     To date, Respondent has not provided the IRS with any of the information requested by the Collection Summons.  Sepe Decl. at ¶ 12.

12.     All administrative steps required by the Internal Revenue Code for the issuance of the summons have been taken.  Sepe Decl. at ¶ 14.

13.     In order to obtain judicial enforcement of an IRS summons, the United States bears the initial burden of showing "that the investigation will be conducted pursuant to a legitimate purpose, that the inquiry may be relevant to the purpose, that the information sought is not already within the Commissioner's possession, and that the administrative steps required by the Code have been followed…" United States v. Powell, 379 U.S. 48, 57-58 (1964); accord, United States v. Dynavac, 6 F.3d 1407 (9th Cir. 1993).  The burden on the government is a "slight one" and may be satisfied by presenting the declaration of the investigating agent.  Dynavac, 6 F.3d at 1414 (citations omitted).  Once a prima facie case has been made, "a heavy burden falls on the taxpayer" to show an abuse of process or lack of institutional good faith.  Id.  The taxpayer "must allege specific facts and evidence to support his allegations."  Liberty Financial Services v. United States, 778 F.2d 1390, 1392 (9th Cir. 1985) (citation omitted).  The matter may be decided on the written record in a summary proceeding.  See Hotz v. United States, No. MISC-CV-F-95-32, 1996 WL 159695 at *2 (E.D. Cal. Jan. 9, 1996).  To be entitled to an evidentiary hearing, a respondent must make some showing to support a contention of improper purpose or lack of good faith.  Fortney v. United States, 59 F.3d 117, 121 (9th Cir. 1995).

14.     Revenue Agent Sepe is conducting an investigation to determine Respondent's ability to pay assessed income tax liabilities for the 2008, 2009, and 2010 tax years.  Sepe Decl. at ¶ 2.

15.     The Internal Revenue Code specifically allows the issuance of a summons for the purpose of "determining the liability of any person for any internal revenue tax… or collecting any such

liability…" 26 U.S.C. § 7602(a).  The purpose for issuing a summons may include "inquiring into any offense connected with the administration or enforcement of the internal revenue laws."  26 U.S.C. § 7602(b).  Therefore, Revenue Agent Sepe's investigation is being conducted pursuant to a legitimate purpose specifically authorized by statute.

16.    Further, although Revenue Agent Sepe received some documents from third party sources, the testimony, books, papers, records, and other data sought by the Collection Summons are not in the possession of the IRS.  Sepe Decl. at ¶ 13.

17.    Respondent is in possession and control of the testimony and documents concerning the above-described investigation.

18.    The Internal Revenue Code permits the Secretary to summon the records of any person "which may be relevant or material" to the investigation.  26 U.S.C. § 7602(a)(1).  It is well settled that to satisfy the relevancy requirement set forth in Powell, the United States must demonstrate that the summonsed information may "throw light upon" the subject of the investigation.  United States v. Arthur Young & Co., 465 U.S. 805, 813-14, n. 11 (1984).  This standard necessarily presents a low threshold because of the inherent difficulties in ascertaining, prior to examination, how much use the summonsed records will be in determining the collectability of a person's tax liability and whether a person as an income tax liability for a specific period.  The Supreme Court has observed that:

> [a]s the language of § 7602 clearly indicates, an IRS summons is not to be judged by the relevance standards used in deciding whether to admit evidence in federal court. The language "may be" reflects Congress' express intention to allow the IRS to obtain items of even potential relevance to an ongoing investigation, without reference to its admissibility.  The purpose of Congress is obvious: the Service can hardly be expected to know whether such data will in fact be relevant until it is procured and scrutinized.

Arthur Young & Co., 465 U.S. at 814 (internal citation omitted)(emphasis in original).  This low threshold of relevance also follows from the language of the Code, which authorizes the investigation of persons who "may be liable" for taxes.  26 U.S.C. § 7601.

19.    Under the instant circumstances, it is clear that the summonsed material is relevant.  One purpose of Revenue Agent Sepe's investigation is to determine Respondent's ability to pay the income tax liabilities assessed against him.  The Collection Summons seeks, among other things, "all documents and records you possess or control regarding assets, liabilities, or accounts held in the taxpayer's name

4

or for the tax payers benefit [including]... all bank statements, checkbooks, cancelled checks, savings account passbooks, records, or certificates of deposit...."  Sepe Decl. at Exhibit A.  The documents sought by this summons are relevant to the determination of the collectability of the income tax liability assessed against Respondent.  Sepe Decl. at ¶ 15.

20.     There is no Department of Justice referral in effect with respect to Respondent.  Sepe Decl. at ¶ 16.

WHEREFORE, the United States requests that:

1.     The Court enter an order directing Respondent, Robert G. Miller, to show cause, if any, why he should not comply with and obey the Collection Summons (Sepe Decl. at Exhibit A) served on May 4, 2012, and each and every requirement thereof, by ordering the attendance, testimony, and production of the books, papers, records, and other data required and called for by the terms of the summons before Revenue Agent Sepe, or any other proper officer or employee of the IRS at such time and place as may be fixed by Revenue Agent Sepe or any other proper officer or employee of the IRS.

2.     That the United States recover the costs and expenses incurred in maintaining this action against Respondent.

3.     That the Court grant such other and further relief as may be required.

DATED: September 5, 2012                    Respectfully Submitted,

LAURA E. DUFFY
United States Attorney


s/ Raven M. Norris
RAVEN M. NORRIS
Assistant United States Attorney
Attorneys for Petitioner
E-Mail: Raven.Norris@usdoj.gov

5

JS 44   (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law,  except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a)  PLAINTIFFS

The United States of America

**DEFENDANTS**

Robert G. Miller

**(b)**   County of Residence of First Listed Plaintiff _____
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant   San Diego
(IN U.S. PLAINTIFF CASES ONLY)

NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED.

**(c)**   Attorney's (Firm Name, Address, and Telephone Number)

Raven M. Norris, Assistant U.S. Attorney;Civil Division, Office of the
U.S. Attorney, 880 Front Street, Rm 6293, San Diego, CA 92101

Attorneys (If Known)

'12CV2182 BTM BLM

## II.  BASIS OF JURISDICTION   (Place an "X" in One Box Only)

☒ 1   U.S. Government
Plaintiff

☐ 3   Federal Question
(U.S. Government Not a Party)

☐ 2   U.S. Government
Defendant

☐ 4   Diversity
(Indicate Citizenship of Parties in Item III)

## III.  CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only)                                and One Box for Defendant)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV.  NATURE OF SUIT   (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | ☐ 861 HIA (1395ff) | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 190 Other Contract | | | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | | ☒ 871 IRS—Third Party 26 USC 7609 | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 900Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |

## V.  ORIGIN   (Place an "X" in One Box Only)

☒ 1   Original
Proceeding

☐ 2   Removed from
State Court

☐ 3   Remanded from
Appellate Court

☐ 4   Reinstated or
Reopened

☐ 5   Transferred from
another district
(specify)

☐ 6   Multidistrict
Litigation

☐ 7   Appeal to District
Judge from
Magistrate
Judgment

## VI.  CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (**Do not cite jurisdictional statutes unless diversity**):
26 U.S.C. §§ 7402(b) and 7604(a) and 28 U.S.C. § 1345

Brief description of cause:
Petition to Enforce Internal Revenue Summons

## VII.  REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION**
UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
**JURY DEMAND:**   ☐ Yes   ☒ No

## VIII.  RELATED CASE(S) IF ANY

(See instructions):

JUDGE _____   DOCKET NUMBER _____

DATE   09/05/2012

SIGNATURE OF ATTORNEY OF RECORD   s/Raven M. Norris

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

| Print | Save As... | Export as FDF | Retrieve FDF File | Reset |

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.  (a) Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b) County of Residence. For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) Attorneys. Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.   Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

**III.   Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.   Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

**V.   Origin.** Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

**VI.   Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity**.   Example:   U.S. Civil Statute: 47 USC 553
                                                                            Brief Description: Unauthorized reception of cable service

**VII.   Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.   Related Cases.** This section of the JS 44 is used to reference related pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.